## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

THOMAS SMOGONOVICH,

     Plaintiff,

     vs.

ACCESS BEHAVIORAL HEALTH
SERVICES, INC., LAURA L. SCURI,
PHIL BUSH, NICCOLIA L. TANGEN,
ANN J. MOORE, SCOTT WARDLE

     Defendants.

Civil  No. 08-528-EJL

**ORDER AND**

**REPORT AND RECOMMENDATION**

Currently pending before the Court is Plaintiff's Application for In Forma Pauperis Status (Docket No. 2), Motion for Order of Mandamus, Protection Order (Docket No. 7), and Motion to Add Respondents and Amend Complaint (Docket No. 8).  The District Court has referred this action to the undersigned for all pretrial matters.  (Docket No. 3).  Accordingly, having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Order and Report and Recommendation.

## I.  BACKGROUND

Plaintiff, Thomas Smogonovich, is a disabled individual and resident of Idaho. *Complaint*, ¶ II.A (Docket No. 1).  The Defendants identified in the initial Complaint are: Access Behavioral Health Services, Inc.("Access Behavioral Health") and three individuals who serve as officers, directors, and/or employees of Access Behavioral Health, including Laura L. Scuri, Phil Bush, and Nicollia L. Tangen (the "Individual Defendants").  *Id.* at ¶¶ II.C-E.  Plaintiff

**ORDER AND REPORT AND RECOMMENDATION- p.1**

alleges that Access Behavioral Health operates is an agent of the State of Idaho due to a contractual relationship with the State for the provision of behavioral health services. *Id.* at ¶ IV.A.

Plaintiff alleges that he suffers from bi-polar and manic depressive disorders. *Id.* at ¶ IV.D (Docket No. 1). Plaintiff also concedes that he has "encountered a few financial problems, as have many competent citizens, while learning to manage the various commercial financial systems available." *Id.* at ¶ IV.F.

Plaintiff has received Social Security disability payments "for his entire adult life" and voluntarily sought assistance from Access Behavioral Health to serve as the designated payee for his benefit checks for a period of six months. *Id.* at ¶¶ IV.C-H, L. At the end of this sixth-month period, Plaintiff alleges that he requested the providers, therapists, an counselors at Access Behavioral Health "to sign documents releasing their Payee status, which would allow Social Security to issue disability checks in Petitioner's [sic] name alone and allow Petitioner [sic] to begin to establish his personal history or proper management of his finances." *Id.* at ¶ IV.L. Plaintiff claims that Behavioral Health Services has refused to give up its status as payee on his account; has not provided him with monthly statements of his account; and has retaliated against him because of his desire to limit the services he receives from the company. *Id.* at ¶ IV.M-O. For relief, Plaintiff seeks monetary damages.

Based on the above facts, Plaintiff filed a Complaint alleging fraud, threat, intimidation, coercion, retaliation, breach of contract, defamation of character, conspiratorial deprivation of civil rights, conversion of right to person, conversion of right to property, intentional infliction of emotional distress, and abuse of a disabled person. *Id.* Plaintiff seeks only money damages.

**ORDER AND REPORT AND RECOMMENDATION- p.2**

On January 14, 2009, Plaintiff filed an Amendment to Complaint adding two additional Defendants and five additional claims. *Amendment to Complaint* (Docket No. 6). While the Amendment to the Complaint adds only new facts and claims; it appears that Plaintiff intends for the Complaint and Amendment to be read together.

The Amendment names new Defendants, Ann J. Moore and Scott Wardle, both Access Behavioral Health employees. *Id.* Plaintiff alleges that on December 22, 2008, he was forcibly detained by Boise City Police officers, handcuffed, and transported to St. Alphonsus Regional Hospital for a mental evaluation based on a report from Access Behavioral Health employee, Scott Wardle, to the Idaho Department of Health and Welfare. *Id.* at ¶ I.A. Plaintiff alleges that Wardle admitted to him that the report was false and he was forced to make it by Defendants Scuri, Tangen, and Moore in an effort to retaliate against Plaintiff for filing the instant lawsuit. *Id.* at ¶ I.D.

Based on these additional factual allegations, Plaintiff adds to the Complaint claims of claims of conspiratorial retaliation, defamation of character, libel, false accusation, and fraudulent official report. In addition, Plaintiff seeks additional monetary relief and requests that the Court notify the Idaho Attorney General of the evidence brought forth in the course of this litigation and instruct the Idaho Attorney general to investigate and indict the Defendants on criminal charges. *Id.* at IV.

On March 16, 2008, Plaintiff filed a Motion to Add Respondents and Amend Complaint (Docket No. 8). In this motion, Plaintiff states that he partially resolved the payee problems with Access Behavioral Health and Petitioner's payee status with the Social Security Administration was transferred to Bridges Payee Services. *Motion to Amend Complaint*, p. 3 (Docket No. 8).

**ORDER AND REPORT AND RECOMMENDATION- p.3**

Based on additional facts concerning issues related to the new payee designation, Plaintiff seeks to add thirteen additional Defendants to this lawsuit, including Bridges Payee Services; All Horizons, Inc.; All Seasons Mental Health, Inc.; various owners, directors, and employees of these entities; ("Bridges Payee Services Defendants") and the United States Social Security Administration; the Commissioner of the United States Social Security Administration; and various other officers and employees of the Social Security Administration ("Social Security Defendants"). *Id.* at pp. 2-3.  Plaintiff claims that these individuals and entities have engaged in a conspiratorial deprivation of his civil rights, and "concurrently conducted actions of threat, duress, intimidation, coercion, and deprivation of living funds in direct mental and physical abuse of a mentally disabled citizen of the United states of America. *Id.* at p. 6.

## II.   IN FORMA PAUPERIS PETITION

Plaintiff seeks to bring this suit *in forma pauperis*, meaning without payment of the applicable fees. *See* Petition and Affidavit in Support for Order to Proceed In Forma Pauperis (Docket No. 2).  For the reasons set forth below, the Court will grant the Petition.

**A.     Standard**

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor."  28 U.S.C. § 1915(a)(1).  In order to qualify for in forma pauperis ("IFP") status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required. *Id.*

The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependants "with

**ORDER AND REPORT AND RECOMMENDATION- p.4**

necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948).  The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

**B.     Discussion**

Here, the Plaintiff states that he receives monthly income of $ 544.80 per month to care for himself and two minor children living at home.  *Affidavit of Indigence in Support of Petition for Order to Proceed in Forma Pauperis*, p.2 (Docket No. 3).  He also describes moderate expenditures and a level of debt that vastly outweigh his monthly income.  *Id.*  Accordingly, the Court will grant Plaintiff IFP status.

## III.  INITIAL REVIEW

**A.     Standard**

Once the Court has granted a plaintiff's IFP application, the Court must conduct an initial review of the complaint including each of the claims alleged therein.  *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Generally, in conducting this review, pro se pleadings must be liberally construed and pro se plaintiffs must be given the benefit of any doubt.  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  Additionally, if the complaint can be saved by amendment, Plaintiff should be notified of the Complaint's deficiencies and provided an opportunity to amend.  *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**ORDER AND REPORT AND RECOMMENDATION- p.5**

However, "[i]n determining whether a complaint is frivolous, "a court is *not* bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (emphasis in original).  A Court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.; see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (holding a complaint submitted in forma pauperis "is frivolous if it has no arguable basis in fact or law").

**B.     Discussion**

       **1.     <u>Subject Matter Jurisdiction</u>**

Plaintiff asserts at least against nineteen separate Defendants, many of whom appear to be Idaho residents.  Nonetheless, the gravamen of Plaintiff's claims appears to be constitutional in character and based on federal statute, 42 U.S.C. § 1983, raising federal question jurisdiction under 28 U.S.C. §§ 1331, 1343.  The Court has supplemental jurisdiction to consider the state claims to the extent "they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

       **2.     <u>Amendments to Complaint</u>**

After filing the initial Complaint, Plaintiff has filed two amendments.  *See* Docket Nos. 6, 8.  These amendments raise new facts, theories of liability, and name a total of fifteen new Defendants.

Plaintiff may amend his pleading once, without Court permission, provided that a responsive pleading has not been filed.  *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its

**ORDER AND REPORT AND RECOMMENDATION- p.6**

pleading once as a matter of course . . . before being served with a responsive pleading.").

However, any additional amendment may be made only with the opposing party's written

consent or with the Court's permission.  *Id.*  ("In all other cases, a party may amend its pleading

only with the opposing party's written consent or the court's leave.") "The court should freely

give leave when justice so requires."  *Id.*

       In deciding whether justice requires granting leave to amend, factors to be considered

include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to

cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of

the proposed amendment.  *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th

Cir.1989).  Leave to amend need not be given if a complaint, as amended, is subject to dismissal.

*Id.*

       When Plaintiff seeks to join new parties, the Court must consider whether joinder is

appropriate under Federal Rule of Civil Procedure 20:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or
> in the alternative with respect to or arising out of the same
> transaction, occurrence, or series of occurrences; and
>
> (B) any question of law or fact common to all defendants will arise
> in the action.

Fed. R. Civ. P. 20(a)(2).  This rule should be "construed liberally in order to promote trial

convenience and to expedite the final determination of disputes, thereby preventing multiple

lawsuits."  *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917

(9th Cir. 1977).

**ORDER AND REPORT AND RECOMMENDATION- p.7**

In the instant case, the Court will allow the first Amendment to Complaint adding two Defendants and five additional claims.  *See* Docket No. 6.  However, the Court will not allow the second desired amendment to the Complaint, asserting new claims against the Bridges Payee Services Defendants and Social Security Defendants.  *See Motion to Add Respondents and Amend Complaint* (Docket No. 8).

The first amendments to the Complaint seek to add new Defendants and claims arising from Plaintiff's relationship with Access Behavioral Health Services.  Thus, the right to relief relates to the same basic transaction and raises some common issues of law and fact concerning the parties' duties to Plaintiff.  *See* Rule 20(a)(2).  Thus, the amendment meets the requirements of Rule 20(a).

In contrast, the second amendment appears to describe a completely separate lawsuit and cannot meet the requisites of Rule 20(a), because the claims are not factually related.  While the fact patterns are similar, apparently because Plaintiff switched his payee status from Access Behavioral Health Services to Bridges Payee Services, the Defendants and specific facts giving rise to the lawsuit are different.  There is no indication that "any right to relief is asserted against [Defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences."  Fed. R. Civ. P. 20(a); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997) (holding joinder not appropriate where legal standards the same but controlling facts different).  *Cf. Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d. 1371, 1375 (9th Cir. 1980) (allowing joinder because common issues of fact and law).

**ORDER AND REPORT AND RECOMMENDATION- p.8**

In short, the Court will review only those claims set forth in the initial Complaint (Docket No. 1) and the first Amended Complaint (Docket No. 6).  The Motion to Add Respondents and Amend Complaint is denied with prejudice.

### 3.      Claims That Are Not Cognizable in Civil Action

The following claims are not legally cognizable in a civil lawsuit: threat, intimidation, coercion, retaliation, conspiratorial retaliation, conversion of right to person, abuse of a disabled person, false accusation, and fraudulent official report.

Plaintiff cites the criminal conspiracy statutes, 18 U.S.C. §§ 241, 242, in support of some of his claims.  These statutes make it a crime for two or more persons to conspire to injure, oppress, threaten, or intimidate another in order to deprive that person of rights secured by the Constitution or laws of the United States or to deprive another of such rights, under color of law, on account of alienage, color, or race.  *See* 18 U.S.C. §§ 241, 242.  In addition, 18 U.S.C. § 245, provides for state and federal enforcement of the criminal conspiracy statutes.  These statutes do not provide a basis for civil liability and, to the extent Plaintiff relies upon these criminal statutes as basis for any claim, the claim must be dismissed for lack of jurisdiction.  *Aldabe v. Aldabe*, 616 F.2d 1089, 192 (9th Cir. 1980).

Similarly, Plaintiff cites to 18 U.S.C. § 1001, a criminal statute precluding a person from making false or fraudulent statements or knowingly using a false document in any matter within the jurisdiction of the executive, legislative, or judicial branches of the federal government. Again, there is no civil cause of action for violations of this criminal code provision.  *Federal Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir.1987); *Johnson v. Cullen*, 925 F.Supp. 244, 251 (D. Del. 1995); *Williams v. McCausland*, 791 F.Supp. 992, 1000 (S.D.N.Y.

**ORDER AND REPORT AND RECOMMENDATION- p.9**

1992).  Therefore, any claims based upon an alleged violation of 18 U.S.C. § 1001, must be dismissed.

Because the claims of threat, intimidation, coercion, retaliation, conspiratorial retaliation, conversion of right to person, abuse of a disabled person, false accusation, and fraudulent official report are not cognizable, Plaintiff cannot amend the Complaint to save them from dismissal in the future.  Therefore, the undersigned recommends that these claims be dismissed with prejudice.

    **4.**    **Remaining Claims**

The remaining claims are for conspiratorial deprivation of civil rights under 42 U.S.C. § 1983 and various state-law claims, including fraud, breach of contract, defamation of character, libel, conversion of right to property, and intentional infliction of emotional distress.  These claims are not subject to summary dismissal.

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The allegations against Defendants in the Complaint (Docket No. 1) and Amendment to Complaint (Docket No. 6), though serious, do not appear to implicate Plaintiff's constitutional rights.  Nonetheless, it is possible that these allegations, if true, could give rise to statutory violations that could support a § 1983 claim.  Therefore, at this stage in the proceedings, the Court will not summarily dismiss the § 1983 claim.

Similarly, it is not clear that the remaining state-law claims are not viable.  Therefore, these claims will also survive initial review.

**ORDER AND REPORT AND RECOMMENDATION- p.10**

## IV.  MOTION FOR ORDER OF MANDAMUS

Plaintiff filed a Motion for Order of Mandamus, Protection Order (Docket No. 7) in order to protect Plaintiff from "the continuing abusive excesses of professional licensure and authority of Respondents."  *Id.* at 2.  Specifically, Petitioner requests an order requiring that Defendants make no disparaging reports or complaints against Plaintiff, make no contact with Plaintiff or his family members, and conduct all future discussions through an attorney.  *Motion for Order of Mandamus, Protection Order*, p. 2 (Docket No. 8).

Federal action in the nature of mandamus is authorized under 28 U.S.C. § 1361, which provides federal courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  However, mandamus relief is limited to federal officials and agencies. *See Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966).

Here, Plaintiff seeks mandamus relief from all the Defendants, including Access Behavioral Health Services, Inc., and "any and all Access officers, employees and/or associates." *Motion for Order of Mandamus, Protection Order*, p. 1 (Docket No. 8).  Further, Plaintiff asserts that Defendant Access Behavioral Health Services is a state actor by virtue of its contract with the State of Idaho.  *Complaint*, p.3 (Docket No. 1).  Because mandamus relief is limited to federal officials and agencies, the Motion for Mandamus Relief, must be denied.

## IV.  ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(A) and in accordance with the foregoing, it is hereby ORDERED:

**ORDER AND REPORT AND RECOMMENDATION- p.11**

(1)  Plaintiff's Petition and Affidavit in Support for Order to Proceed in Forma Pauperis (Docket No. 2) is GRANTED; and

(2) Plaintiff's Motion to Add Respondents and Amend Complaint is DENIED.

## V.  RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B) and in accordance with the foregoing, the following is RECOMMENDED to the federal district judge:

(1) DISMISS WITH PREJUDICE Petitioner's claims of: threat, intimidation, coercion, retaliation, conspiratorial retaliation, conversion of right to person, abuse of a disabled person, false accusation, and fraudulent official report; and

(2) DENY Petitioner's Motion for Order of Mandamus, Protection Order.

Written objections to this Report must be made within ten (10) days after being served with a copy of the Magistrate Judge's Report and Recommendation.  28 U.S.C. § 636(b)(1).  The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. *Id*.; see also Fed. R .Civ. P. 72(b).

DATED:  April 10, 2009

**Honorable Ronald E. Bush**
**U. S. Magistrate Judge**

**ORDER AND REPORT AND RECOMMENDATION- p.12**