IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS SMOGONOVICH, ) | |
| ) | |
| Plaintiff, ) | Case No. CV08-528-S-EJL |
| ) | |
| vs. ) | ORDER ADOPTING REPORT |
| ) | AND RECOMMENDATION |
| ) | |
| ACCESS BEHAVIORAL HEALTH SERVICES, ) | |
| et al, ) | |
| ) | |
| Defendants. ) | |

On April 10, 2009, United States Magistrate Ronald E. Bush issued his Order and Report and Recommendation in this matter. Docket No. 12. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. On April 20, 2009, Plaintiff Thomas Smogonovich filed his Answer to Report and Recommendation and Motion for Reconsideration of Order. Docket No. 14. The review of the motion to reconsider and the objections to the Report and Recommendation is undertaken with an eye on Ninth Circuit standards regarding *pro se* litigants. See Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991). The Court has construed the Plaintiffs' pleadings in the most favorable light, however, the Court reminds the Plaintiffs that *pro se* litigants are held to same procedural rules as counseled litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

The Court will deem this pleading as Plaintiff's objections to the Report and Recommendation pursuant to Fed. R. Civ. P. 72.(b), Dist. Idaho Loc. Civ. R. 72.1(b)(2) and 28 U.S.C. § 636(b)(1)(B) and the motion for reconsideration as an appeal of the magistrate judge's order pursuant to Fed. R. Civ. P. 72(a), Dist. Idaho Loc. Civ. R. 72.1(b)(1) and 28 U.S.C. § 636(b)(1)(a).

Factual Background

The Court adopts the factual background set forth by the magistrate judge in the Order and Report and Recommendation on pages 1-4:

> Plaintiff, Thomas Smogonovich, is a disabled individual and resident of Idaho. *Complaint*, ¶ II.A (Docket No. 1). The Defendants identified in the initial Complaint are: Access Behavioral Health Services, Inc.("Access Behavioral Health") and three individuals who serve as officers, directors, and/or employees of Access Behavioral Health, including Laura L. Scuri, Phil Bush, and Nicollia L. Tangen (the "Individual Defendants"). *Id.* at ¶¶ II.C-E. Plaintiff alleges that Access Behavioral Health operates is an agent of the State of Idaho due to a contractual relationship with the State for the provision of behavioral health services. *Id.* at ¶ IV.A.
>
> Plaintiff alleges that he suffers from bi-polar and manic depressive disorders. *Id.* at ¶ IV.D (Docket No. 1). Plaintiff also concedes that he has "encountered a few financial problems, as have many competent citizens, while learning to manage the various commercial financial systems available." *Id.* at ¶ IV.F.
>
> Plaintiff has received Social Security disability payments "for his entire adult life" and voluntarily sought assistance from Access Behavioral Health to serve as the designated payee for his benefit checks for a period of six months. *Id.* at ¶¶ IV.C-H, L. At the end of this sixth-month period, Plaintiff alleges that he requested the providers, therapists, an counselors at Access Behavioral Health "to sign documents releasing their Payee status, which would allow Social Security to issue disability checks in Petitioner's [sic] name alone and allow Petitioner [sic] to begin to establish his personal history or proper management of his finances." *Id.* at ¶ IV.L. Plaintiff claims that Behavioral Health Services has refused to give up its status as payee on his account; has not provided him with monthly statements of his account; and has retaliated against him because of his desire to limit the services he receives from the company. *Id.* at ¶ IV.M-O. For relief, Plaintiff seeks monetary damages.
>
> Based on the above facts, Plaintiff filed a Complaint alleging fraud, threat, intimidation, coercion, retaliation, breach of contract, defamation of character, conspiratorial deprivation of civil rights, conversion of right to person, conversion of right to property, intentional infliction of emotional distress, and abuse of a disabled person. *Id.* Plaintiff seeks only money damages.
>
> On January 14, 2009, Plaintiff filed an Amendment to Complaint adding two additional Defendants and five additional claims. *Amendment to Complaint* (Docket No. 6). While the Amendment to the Complaint adds only new facts and claims; it appears that Plaintiff intends for the Complaint and Amendment to be read together. The Amendment names new Defendants, Ann J. Moore and Scott Wardle, both Access Behavioral Health employees. *Id.* Plaintiff alleges that on December 22, 2008, he was forcibly detained by Boise City Police officers, handcuffed, and transported to St. Alphonsus Regional Hospital for a mental evaluation based on a report from Access Behavioral Health employee, Scott Wardle, to the Idaho Department of Health and Welfare. *Id.* at ¶ I.A. Plaintiff alleges that Wardle admitted to him that the report was false and he was forced to make it by Defendants Scuri, Tangen, and Moore in an effort to retaliate against Plaintiff for filing the instant lawsuit. *Id.* at ¶ I.D.
>
> Based on these additional factual allegations, Plaintiff adds to the Complaint claims of claims of conspiratorial retaliation, defamation of

character, libel, false accusation, and fraudulent official report. In addition, Plaintiff seeks additional monetary relief and requests that the Court notify the Idaho Attorney General of the evidence brought forth in the course of this litigation and instruct the Idaho Attorney general to investigate and indict the Defendants on criminal charges. *Id.* at IV.

On March 16, 2008, Plaintiff filed a Motion to Add Respondents and Amend Complaint (Docket No. 8). In this motion, Plaintiff states that he partially resolved the payee problems with Access Behavioral Health and Petitioner's payee status with the Social Security Administration was transferred to Bridges Payee Services. *Motion to Amend Complaint*, p. 3 (Docket No. 8).

Based on additional facts concerning issues related to the new payee designation, Plaintiff seeks to add thirteen additional Defendants to this lawsuit, including Bridges Payee Services; All Horizons, Inc.; All Seasons Mental Health, Inc.; various owners, directors, and employees of these entities; ("Bridges Payee Services Defendants") and the United States Social Security Administration; the Commissioner of the United States Social Security Administration; and various other officers and employees of the Social Security Administration ("Social Security Defendants"). *Id.* at pp. 2-3. Plaintiff claims that these individuals and entities have engaged in a conspiratorial deprivation of his civil rights, and "concurrently conducted actions of threat, duress, intimidation, coercion, and deprivation of living funds in direct mental and physical abuse of a mentally disabled citizen of the United States of America. *Id.* at p. 6.

Motion for Reconsideration or Appeal of Order Portion of Report and Recommendation

Pursuant to Fed. R. Civ. P. 72(a), Dist. Idaho Loc. Civ. R. 72.1(b)(1) and 28 U.S.C. § 636(b)(1)(a), the Court may reconsider any pretrial matter where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Plaintiff does not object to the magistrate judge's order that he be allowed to proceed *in forma pauperis*, but he does object to the magistrate judge's finding that the request to amend the complaint a second time should be denied.

Magistrate Judge Bush set forth the correct law regarding amendments to pleadings and joinder of parties. See Fed. R. Civ. P. 15(a)(1) and 20(a)(2). Magistrate Judge Bush applied the rules and determined the first amendment to the Complaint adding two defendants and five additional claims should be allowed. Magistrate Judge Bush also found the proposed second amendments to the complaint were not factually related and should not be allowed. Plaintiff argues the second amendments are necessary as he has discovered additional defendants have allegedly been involved in the deprivation of Plaintiff's payee status being returned to the Plaintiff.

The Court finds the ruling of the magistrate judge was not clearly erroneous or contrary to the law. Amendments to pleadings are not granted without a proper showing. In reviewing the allegations against the new defendants in the second amended complaint, this Court agrees that the new allegations against new defendants are independent of the allegations against Access Behavioral Health Services, Inc. The Court agrees the nature of the allegations are similar, but the new defendants Plaintiff seeks to join acted independently of the parties originally named in the lawsuit and the factual scenario is different than the factual scenario with Access Behavorial Health Services, Inc. Further, any alleged conspiracy between the new defendants is independent of the alleged actions by Access Behavioral Health Services, Inc. To the extent Plaintiff has claims against the defendants he seeks to join, he must file a separate action to proceed against such defendants. Moreover, Plaintiff must set forth the authority which allows him to sue a federal agency, the Social Security Administration.

Plaintiff also moves for reconsideration of the magistrate judge's failure to allow certain claims to proceed as civil claims: threat, intimidation, coercion, retaliation, conspiratorial retaliation, conversion of right to person, abuse of disabled person, false accusation, and fraudulent official report. Again, the Court finds the magistrate judge's ruling on this issue was not clearly erroneous or contrary to the law. This Court finds each of the dismissed claims are not cognizable in a civil action.

Plaintiff cites the Court to the O. J. Simpson case for the proposition that criminal actions may be tried civilly. While it is true there is a civil action for wrongful death as well as a criminal charge of murder, there is no corresponding civil action for the criminal claims alleged in this particular case. Unless there is a recognized civil cause of action for threat, intimidation, coercion, retaliation, conspiratorial retaliation, conversion of right to person, abuse of disabled person, false accusation, or fraudulent official report – these claims cannot proceed in a civil lawsuit. This Court is a court of limited jurisdiction. See 28 U.S.C. § § 1331 and 1332. The Plaintiff is simply incorrect when he cites to the United States Constitution and argues this Court can hear all civil claims. In order to litigate a civil claim,

there must be a statute that specifically allows a civil cause of action or a historical common law civil cause of action to allow a civil claim to proceed.  Otherwise, a person could sue others for any reason at all  – civil suit because someone wears a blue shirt.  That certainly was not the intention of Congress or our Founding Fathers.  Also, this Court is without authority to order the executive branch of the government to file criminal charges related to these allegations.  Therefore, to the extent Plaintiff relies on criminal statutes as a basis for these civil claims, the claims must be dismissed for a lack of jurisdiction.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  Alternatively, as to the  causes of action dismissed by the magistrate judge, the Plaintiff has not set forth any authority for a common law civil cause of action so the claims must be dismissed.

Objection to Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1), this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate.  The Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b).

In the Report and Recommendation, Magistrate Judge Bush found that the motion for order of mandamus/protective order should be denied.  Plaintiff objects to the magistrate judge's findings that mandamus relief is limited to officers and agents of the government.

Plaintiff seeks an order requiring that all Defendants make no disparaging reports or complaints against Plaintiff, make no contact with Plaintiff or his family members and conduct all future discussions through an attorney.   Respectfully, this objection is denied.

The magistrate judge is correct that a mandamus pursuant to 28 U.S.C. § 1361 is limited to federal officials and agencies. Since the Court is not allowing the Social Security Administration to be included in this action, a writ of mandamus cannot be issued.

To the extent the Plaintiff is requesting a protective order, the motion must also be denied.  In filing this lawsuit, the Plaintiff has opened the door to discovery regarding the allegations in the First Amended Complaint and since Plaintiff is not represented by an attorney, the counsel for the Defendants may contact Plaintiff directly regarding discovery

ORDER - Page 5
09ORDERS\SMOGONOVICH_rnr.WPD

and other matters related to the allegations. The Defendants may also contact other people they believe will have relevant information regarding this lawsuit.

To the extent Plaintiff is seeking an injunction against the Defendants taking negative action in retaliation for the lawsuit, such a request is based on speculation and is without factual merit at this stage in the litigation. Therefore, the request for mandamus or protective order or injunctive relief should be denied.

### Order

Because the Court finds the Report and Recommendation of Judge Bush to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Bush. Acting on the recommendation of Judge Bush, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED**:

1) Plaintiff's Motion for Reconsideration or Appeal (Docket No. 14) is DENIED, therefore Plaintiff's Motion to Add Respondents and Amend Complaint (Docket No. 8) is also DENIED.

2) Plaintiff's objections to the Report and Recommendation are DENIED.

3) The Court will DISMISS WITH PREJUDICE Petitioner's claims of: threat, intimidation, coercion, retaliation, conspiratorial retaliation, conversion of right to person, abuse of a disabled person, false accusation, and fraudulent official report.

4) Plaintiff's Motion for Order of Mandamus, Protection Order (Docket No. 7) is DENIED.

5) Because the Court has not allowed Plaintiff to amend the complaint and add additional respondents (Docket No. 8), the motion to amend respondent list to correct the last name of Lauri Miller (Docket No. 10) is also DENIED AS MOOT.

6) Plaintiff shall file a pleading within ten (10) days of his receipt of this Order with a physical address for each of the named defendants in the First Amended Complaint. Upon receipt of the physical addresses, the Clerk of Court shall send the waiver of service of summons form, a copy of the First Amended Complaint, and a copy of this Order, in

compliance with Federal Rule of Civil Procedure 4(d),[1] to said Defendants.  If Defendants do not return the waiver within 30 days, the Clerk of Court is instructed to provide a Summons and the Complaint to the U.S. Marshal Service for personal service on these Defendants.

    IT IS FURTHER HEREBY ORDERED that Plaintiff shall not attempt to conduct discovery until Defendants file an answer in this case, and, at that time, Plaintiff may begin discovery through Defendants' counsel of record.

DATED:  **June 11, 2009**

Honorable Edward J. Lodge
U. S. District Judge

---

[1] Under the Waiver procedure, a defendant has thirty (30) days to sign and return the Waiver.  If the defendant actually signs and returns the Waiver, then he or she has an additional sixty (60) days to file an answer.